1
2
3
4
5
6
7
8                              UNITED STATES DISTRICT COURT
9                          FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   ANTOINE DESHAWN BARNES,                    No.  2:25-cv-1129 CSK P
12                  Petitioner,
13          v.                                   ORDER AND FINDINGS AND
                                                 RECOMMENDATIONS
14   STARKS COMPANY,
15                  Respondent.
16
17

Petitioner, a county jail inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, together with a request to proceed in forma pauperis. Examination of the affidavit reveals petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

As discussed below, the petition should be summarily dismissed.

I.     GOVERNING STANDARDS

This matter is before the Court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. See Valdez v. Montgomery, 918 F.3d 687, 693 (9th Cir. 2019); Boyd v. Thompson, 147 F.3d 1124, 1127 (9th Cir. 1998) (Congress

envisioned district courts taking an active role in summarily disposing of facially defective habeas petitions.).

    A federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  In order to state a cognizable federal habeas claim, petitioner must allege a violation of "clearly established federal law" -- meaning a violation of a U.S. Supreme Court holding.  See White v. Woodall, 572 U.S. 415, 419 (2014).  Habeas relief is not available if a favorable judgment would not "necessarily lead to [a prisoner's] immediate or earlier release from confinement."  See Nettles v. Grounds, 830 F.3d 922, 935 (9th Cir. 2016).

## II.    PETITIONER'S CLAIMS

    The petition is difficult to understand, but petitioner does not claim to challenge the fact or duration of his confinement.  Rather, petitioner sues the Starks Company, and states he "needs to be transferred to federal court for an evidentiary hearing on all estates, $800 trillion," and other tangible items, and seeks "to issue a warrant to Starks Company."  (ECF No. 1 at 3, 4.)  Petitioner contends that the "Starks Company 'Johnny Depp'" violated the Fourth, Fifth, Sixth and Eighth Amendments, referencing "search and seizure," but providing no other specific facts to clarify how those amendments were violated.  (ECF No. 1 at 4.)

## III.    DISCUSSION

    The petition fails to state a cognizable federal habeas claim.  As a general rule, a claim that challenges the fact or duration of a prisoner's confinement should be addressed by filing a habeas corpus petition, while a claim that challenges the conditions of confinement should be addressed by filing a civil rights action.  Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam).  Petitioner does not challenge the fact or duration of his custody, has not alleged a violation of clearly established federal law, and has not shown that success on his claim will lead to his earlier release.  Therefore, the Court recommends that the petition be summarily dismissed.

## IV.    LEAVE TO AMEND

    The Court has considered whether petitioner should be granted leave to file an amended

habeas petition, or whether he should be granted leave to file a civil rights complaint. However, for the following reasons, the Court finds that it is not appropriate to grant petitioner leave to amend.

First, petitioner has pending in this Court two petitions for writ of habeas corpus challenging issues related to his current confinement in the Amador County Jail: Barnes v. Stone, No. 25-0560 CKD (E.D. Cal.), and Barnes v. Orozco, No. 25-0863 WBS CSK P (E.D. Cal.).

Second, the instant petition does not raise any issues concerning the conditions of his confinement in the Amador County Jail. To state a claim under § 1983, a plaintiff must demonstrate: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). It is unclear whether the Starks Company acted under color of state law. Although petitioner mentions constitutional violations, he includes no facts showing how such amendments were violated. Therefore, leave to file a civil rights complaint based on allegations in the current petition is not appropriate. In addition, petitioner has been found to have sustained three strikes under 28 U.S.C. § 1915(g). See Barnes v. Lavorato, Jr., No. 2:23-cv-0534 DJC EFB P (E.D. Cal. Sept. 6, 2023). Thus, before petitioner can proceed with a civil rights complaint in this Court, he must demonstrate he faced imminent danger of serious physical injury at the time he filed the complaint. 28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007). The instant petition does not address imminent danger or make such showing.

Finally, petitioner must exhaust his administrative remedies as to any civil rights claim prior to filing in federal court. Under the Prison Litigation Reform Act ("PLRA") of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This statutory exhaustion requirement "applies to all inmate suits about prison [or jail] life," Porter v. Nussle, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001).

Overall, because petitioner is barred by § 1915(g), petitioner should decide whether he wishes to file a civil rights complaint, and may do so only if he can allege facts demonstrating a violation of his constitutional rights or clearly established law by a defendant acting under color of state law. For the above reasons, petitioner should not be granted leave to amend, and this action should be summarily dismissed.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 2) is granted; and

2. The Clerk of the Court is directed to assign a district judge to this case.

Further, IT IS RECOMMENDED that petitioner's application for a writ of habeas corpus be summarily dismissed, and this case be terminated.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 1, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/barn1129.dis

4